MILLER, Judge.
Defendant Vernon E. Lambert appeals the trial court judgment awarding plaintiff Everett Aymond the $1,566.50 contract price for installing a 3j/£ ton Freidrich’s central air-conditioner and heating system. Defendant contends that the unit, as furnished and installed, was unfit for its intended purpose. We affirm.
Lambert’s home was of brick veneer construction and consisted of three bedrooms, a living room, dining room, kitchen and den, which had been converted into a beauty shop. Mrs. Lambert’s beauty shop had four hairdryers that were operated a good part of each week day. The home including the beauty shop contained approximately 1,500 to 1,550 square feet of space to be cooled. Window units with a total of 5 tons capacity were inadequate. Lambert contacted Aymond to purchase a central cooling and heating system.
There is some dispute concerning the negotiations for the purchase, but it is admitted that the ton unit was purchased for the installed contract price of $1,566.50, that it was installed during June of 1970 and that nothing has been paid on the purchase price. It was also admitted that the central heating system operated satisfactorily.
Shortly after the unit was installed, Lambert complained that the unit was not properly cooling. A defective coil was found and replaced within two days. About that same time, the compressor was found to be defective, and that was replaced within three days.
The evidence preponderates that from July 1970 through the January 5, 1972 trial, the unit has been operating properly. Aymond and two experts testified that the unit was thoroughly checked three times after July of 1970 and that it was cooling properly each time. As part of these checks the temperature in the home was checked with thermometers.
Defendant did not produce expert testimony to support his contention that the unit was either defective or failed to accomplish the intended purpose. Defendant did not call his wife to support the claim that the unit did not properly cool their home and beauty shop. His testimony stood alone.
Defendant appellant correctly summarized the applicable law. One who sells an article of machinery, under a “furnish and install” contract, warrants that the complete installation as furnished, will be fit for the purpose for which it is intended. A. Baldwin Sales Co. v. Mitchell, 174 La. 1098, 142 So. 700 (1932). He failed to prove that the air conditioning unit was unfit for the purpose for which it was intended.
Defendant also argues that plaintiff was either 1) obligated to properly insulate and *797 vent defendant’s attic if that was necessary to properly cool the premises with a 3^ ton unit, or 2) to recommend a larger unit which would cool the premises notwithstanding the extreme heat in defendant’s attic. Fairbanks, Morse & Co. v. A.B.C. Oil Burner & Heating Co., 24 So.2d 393 (La.App.Orls. 1946). Since defendant failed to prove that the unit did not properly cool the premises, we do not reach this contention.
The trial court’s judgment is affirmed. Costs' of this appeal are assessed to defendant appellant.
Affirmed.